LONG et al., Appellants,

v.

BARTLETT et al., Appellees.

[Cite as *Long v. Bartlett* (1992), 73 Ohio App.3d 764.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1415.

Decided April 30, 1992.

*Ball, Noga & Tanoury* and *Steven L. Ball,* for appellants.

*W. Ronald Beaver,* for appellees.

WHITESIDE, Judge.

Plaintiff, Rebecca Long, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and raises a single assignment of error, which reads as follows: "The lower court erred in granting Appellee's Motion for Relief from Judgment." She supplements her assignments of error with three "Issues Presented," as follows:

"1. Whether or not § 3111.11 Ohio Rev.Code requires that a pre-trial hearing be scheduled and notice provided to defendants who are in default of answer and have not appeared in a parentage action.

"2. Whether or not a plaintiff in a parentage action is required to serve a defaulting defendant who has failed to appear with a motion for default judgment.

"3. Whether or not the lower court abused its discretion in granting relief from judgment when the motion was filed over five years after default and when no justification was proved for such default and/or the delay in moving for relief."

Plaintiff Rebecca Long also purports to appeal upon behalf of the minor child, Jason Long, apparently as "next friend."

The original complaint herein was filed March 27, 1984, by the prosecuting attorney acting on behalf of plaintiff Rebecca Long and the minor child, Jason Long, acting through his mother and next friend, Rebecca Long, seeking to establish the father-child relationship between the child and either defendant Gary A. Bartlett or defendant John M. Long. The complaint also alleged that the child was conceived by sexual relations between plaintiff Rebecca Long and defendant Gary Bartlett during the months of September, October and/or November 1981 and that Gary A. Bartlett is the natural father of the minor child, Jason Long. The complaint further alleged that plaintiff Rebecca Long was married to defendant John M. Long in 1977 but were living separate and apart. The complaint also alleged that, although defendant John M. Long is the presumed father of the minor child, Jason Long, who was born August 1, 1982, he is not the biological father of said child but, instead, defendant Gary A. Bartlett is the biological father.

The record reflects that defendant Gary A. Bartlett was served by personal service with a copy of the summons and accompanying documents on June 26, 1984, following return of attempted certified mail service, which indicated that the addressee was unknown. On August 15, 1984, plaintiff Rebecca Long, acting through her counsel, an assistant prosecuting attorney, filed a motion for default judgment pursuant to Civ.R. 55, seeking a determination that defendant John M. Long is not the biological father of the minor child Jason Long and that defendant Gary A. Bartlett is the biological father of the minor child and that a parent-child relationship between them exists. The record reflects that neither defendant Gary A. Bartlett nor defendant John M. Long had responded to the complaint at that time.

The matter was referred to a referee of the trial court who rendered a report making recommended factual findings finding that service had been properly made, that the defendants, including defendant Gary Bartlett, had failed to file an answer, and that by "satisfactory evidence," Gary Bartlett is the father of Jason Long. The referee also recommended a judgment establishing the father-child relationship between the child and defendant Bartlett. It was further recommended that the court order the Department of Health to prepare a new birth certificate for the minor child consistent with the finding, and that the court order defendant Bartlett to pay child support in the amount of $20 per week plus poundage and award to the Franklin County Welfare Department a judgment in the amount of $2,320 for back child support from date of birth of the minor child.

The trial court, on March 14, 1985, entered an order finding that defendant Bartlett was properly served with the complaint in accordance with Civ. 4.1, that said defendant had failed to appear, and that plaintiffs were represented

by the prosecuting attorney. The court granted judgment to plaintiffs against the defendant, establishing a father-child relationship between him and the minor child, Jason Long. The court further ordered defendant to pay child support in the amount of $20 per week, found him in arrearage of child support in the amount of $2,320, which defendant Bartlett was ordered to liquidate at the rate of $5 per week. The decree further ordered that the total payment of $25.50 per week be paid to the clerk of the trial court and forwarded to the Franklin County Welfare Department.

The record reflects no further action in this case until six years later on May 6, 1991, when defendant Gary A. Bartlett filed a motion for relief from judgment based upon Civ.R. 60(B)(5), 55(B) and 7(B). With his motion for relief from judgment, defendant Bartlett tendered his long overdue answer in which he denied he was the father of the minor child and demanded that the court admit in evidence the results of "HLA testing which indicate that he is to be excluded as the possible father of the minor child."

Defendant Bartlett filed an affidavit in support of his motion, in which he admitted having been served the complaint, but stated that he did not receive notice of the "pretrial or final hearing date," and that he did not receive notice of the final judgment. He has not indicated in his affidavit that he failed to receive the findings of fact and conclusions of law of the referee to whom the matter was referred, which referee's report contains a notation, "Copy of findings mailed to G. Bartlett, 690 Ann Street, Cols., OH 2-5-85."

As indicated above, the grounds set forth in the motion for relief from judgment for such relief is the failure of defendant to receive notice of the final trial and of the entry of final judgment and an allegation that the "uncorroborated" testimony of plaintiff Rebecca Long is "legally insufficient to overcome the presumption that her husband * * * was/is the father of the child Jason Long." In short, no grounds for relief from judgment cognizable under Civ.R. 60(B)(5) has been asserted. On the contrary, defendant Bartlett asserts error in the proceedings, and insufficiency of the evidence, both of which would be grounds for appeal, but neither of which is grounds for relief from judgment under the circumstances herein.

Likewise, the trial court in its decision stated only that there is no indication that defendant Bartlett was notified of the pending motion for default judgment or of a pretrial hearing and that he testified "that he was not notified of the motion being filed or the hearing on the motion." The trial court further found that there should have been conducted "a pretrial in accordance with R.C. § 3311.11 for failure to appear at such a hearing would require the required notice of a default motion and hearing."

Accordingly, the sole issue before us is whether the 1985 judgment of the trial court was in effect void for failure to conduct a pretrial hearing and notify defendant of the motion for default judgment.

■ Civ.R. 55 is quite explicit that only parties who have appeared in the action are entitled to notice of a filing of a motion for default and states:

" * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * * "

Similarly, Civ.R. 5(A) is even more explicit with respect to when service upon an adverse party is required and expressly states that:

" * * * No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons * * *."

Similarly, Civ.R. 58(B), although not yet in effect in its present form at the time of the judgment entry herein, provides that:

"When the court signs a judgment, the court shall endorse thereon a direction to the clerk *to serve upon all parties not in default for failure to appear* notice of the judgment and its date of entry upon the journal. * * * " (Emphasis added.)

Defendants rely upon the unreported decision in *Potts v. Wilson* (May 30, 1989), Adams App. No. 409, unreported, 1985 WL 11144, wherein the court stated in part at 5:

"We would observe that the position adopted by the court below is not unreasonable given the lack of specificity in the statutes respecting a default judgment when no answer is filed. On the other hand, R.C. 3111.11 can be read as manifesting the intention of the General Assembly that as a matter of public policy default judgments without notice or hearing are precluded even though no answer has been filed.

"We choose to adopt the latter interpretation. * * * "

However, R.C. 3111.08(B) does not purport to address the situation where a defendant is in default for failure to answer or otherwise appear. Rather, the first sentence of R.C. 3111.08(B) provides that:

"If an action is brought against a person to declare the existence or nonexistence of the father and child relationship between that person and a child *and the person in his answer* admits the existence or nonexistence of the father and child relationship as alleged in the action, the court shall enter

judgment in accordance with section 3111.13 of the Revised Code. * * * "
(Emphasis added.)

The second sentence immediately following provides:

" * * * If the person against whom the action is brought does not admit the existence or nonexistence of the father and child relationship, the court may order genetic tests to be taken in accordance with section 3111.09 of the Revised Code. * * * "

Obviously, genetic tests will not be ordered taken with respect to a person who has failed to appear in the action. The third sentence of R.C. 3111.08(B) is the one relied upon by the Fourth District Court of Appeals and defendant Bartlett herein and states:

" * * * If the person against whom the action is brought does not appear personally or by counsel at a pretrial hearing scheduled under section 3111.11 of the Revised Code, the opposing party may file a written motion for default judgment against the person. * * * "

Then, follows the provision that:

" * * * The motion, along with a notice of the date and time when it is to be heard, shall be served upon the person in the same manner as is provided for service of a complaint under the Civil Rules. * * * "

Necessarily, reference must be made to R.C. 3111.11 with respect to a pretrial hearing. That section provides that:

"If the person against whom an action is brought * * * does not admit *in his answer* the existence or nonexistence of the father and child relationship, the court shall hold a pretrial hearing, in accordance with the Civil Rules, at a time set by the court. * * * " (Emphasis added.)

Clearly, the words "in his answer" anticipate that an answer has been filed, not that the person is in default of answer and has failed to appear in the action. There clearly is no *specific* provision with respect to a person who is in default for complete failure to appear in the action. In this regard, it must be noted that R.C. 3111.08(A) provides that the Civil Rules apply to a paternity determination "unless a different procedure is *specifically* provided by those sections." Applying the plain meaning of the explicit statutory provisions of R.C. 3111.08 and 3111.11, no other reasonable conclusion can be reached but that there is no specific provision in R.C. Chapter 3111 pertaining to a person who is in default for failure to appear in the action. Although our conclusion differs from that of the Fourth District Court of Appeals in *Potts*, that court apparently was unaware of the provision of Civ.R. 5(A), *supra*, specifically providing that service need not be made on a party who is in default for failure to appear, which is more specific than the provision of Civ.R. 55(A),

alluded to by the *Potts* court. Accordingly, the assignment of error is well taken with respect to the first two issues.

■ The third issue raises the question of whether defendant Bartlett's motion was timely with respect to the issue raised under Civ.R. 60(B)(5). Civ.R. 60(B) specifically provides that a motion for relief from judgment must be filed within a reasonable time and, if for any of the reasons set forth in divisions (1), (2) or (3) of the rule, must be filed within one year after judgment. More than five years elapsed in this case, and defendant Bartlett has set forth no basis or reason for the delay, other than his contention that he was unaware of the judgment. This might be appropriate with respect to a motion under Civ.R. (B)(4), where it is contended that it is not equitable that the judgment had prospective application. However, to the extent that the motion for relief from judgment is predicated upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)," the one-year limitation applies since that is the grounds for relief under Civ.R. 60(B)(2). Nevertheless, since it does not appear that the reasonable-time issue was addressed by the trial court, we cannot find an abuse of discretion upon that issue. For that reason, the assignment of error is not well taken upon this issue.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Division, is reversed, and this cause is remanded to that court for further appropriate proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MCCORMAC and TYACK, JJ., concur.