HARVEY et al., Appellees,

v.

MYNATT, Appellant.

[Cite as *Harvey v. Mynatt* (1994), 94 Ohio App.3d 619.]

Court of Appeals of Ohio,
Summit County.

No. 16541.

Decided June 22, 1994.

*John Sharp,* Summit County Assistant Prosecuting Attorney, for appellees.

*Norman Mynatt,* pro se.

REECE, Presiding Judge.

Defendant-appellant, Norman Mynatt, appeals the trial court's default judgment finding him to be Jamille Harvey's father. We affirm.

The Summit County Child Support Enforcement Agency ("CSEA") initiated this action by filing a request for an administrative determination of a parent-child relationship pursuant to R.C. 3111.22. CSEA filed this action on behalf of Mynatt's alleged daughter, Jamille Harvey, her mother, Sonya Harvey, and itself. CSEA became a party to this action by virtue of R.C. 3111,07. When Mynatt failed to appear, the administrative proceedings were dismissed.

On May 21, 1993, CSEA brought an action in the Summit County Juvenile Court objecting to the administrative dismissal of its request to establish parentage. Mynatt received a copy of this complaint on May 25, 1993. Pursuant to Civ.R. 12(A)(1), Mynatt's answer was due on June 22, 1993. On June 24, 1993, Mynatt sent a letter to the juvenile court judge stating that he was unable to attend the pretrial hearing, claiming that he was indigent, and requesting that a blood test be performed in Cleveland to establish paternity. The juvenile court received this letter on June 29. There is no indication in the record that CSEA received a copy of this letter.

On June 30, 1993, CSEA moved for default judgment due to Mynatt's failure to answer. A hearing on this motion was scheduled for August 5, 1993. Mynatt received notice of this hearing through certified mail on July 1, 1993. The hearing was held as scheduled on August 5. Mynatt did not appear, and the referee found that Mynatt was Jamille's father. This finding, included in the referee's August 17, 1993 report, was based on Sonya's testimony. Mynatt objected to this report; the trial court overruled Mynatt's objections on September 15, 1993. Mynatt appeals, raising as his sole assignment of error the court's failure to order genetic testing.

In his letter to the court, Mynatt requested that the court order genetic tests in Cleveland to determine whether he was Jamille's father. He now asserts that under R.C. 3111.09(A) the court was required to allow him to receive a

genetic test to determine if he was Jamille's father. R.C. 3111.09(A) provides that "[i]n any action instituted under section 3111.01 to 3111.19 of the Revised Code, the court, * * * upon the motion of any party to the action, shall order the child's mother, the child, [and] the alleged father * * * to submit to genetic tests." Based on this section of the code, Mynatt alleges that the court could not grant a default judgment without honoring his request for genetic tests. However, eligibility for a genetic test under R.C. 3111.09(A) is not guaranteed, as that section also allows a court to find that a defendant is the father of a child without genetic test results if the putative father fails to submit to a blood test.

R.C. 3111.08(B) includes a specific provision regarding the granting of default judgments in paternity cases. It states:

"If the person against whom [a parentage action] is brought does not appear personally or by counsel at a pretrial hearing scheduled under section 3111.11 of the Revised Code, the opposing party may file a written motion for default judgment against the person. The motion, along with a notice of the date and time when it is to be heard, shall be served upon the person in the same manner as is provided for service of a complaint under the Rules of Civil Procedure. The court may render a judgment by default against the person after hearing satisfactory evidence of the truth of the statements in the complaint."

Further, a paternity action under R.C. 3111.01 to 3111.19 is a civil action that is governed by the Civil Rules. R.C. 3111.08(A).

█ Mynatt does not claim that his notice of the default hearing was improperly served or that he filed a proper answer in this case. Mynatt asserts that his request for blood testing had to be honored regardless of how it was made. We disagree. Assuming *arguendo* that such a request may be considered a motion for genetic tests, it was not made in timely fashion. When default proceedings were initiated against Mynatt, he was required by R.C. 3111.08(B) to contest that motion or risk losing the case on the merits. R.C. 3111.09(A) provides that the ability to request genetic testing may be lost by a parent who does not comply with court proceedings. Further, any party faced with default proceedings risks losing the case on the merits if that party fails to contest the motion for default judgment. In this case, Mynatt did not file an answer to CSEA's complaint or appear at a default judgment hearing of which he was notified. Accordingly, the court did not err in granting default judgment without ordering genetic testing. Mynatt's assignment of error is without merit.

The trial court's judgment is affirmed.

*Judgment affirmed.*

BAIRD and DICKINSON, JJ., concur.