DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Ron Murdock appeals decisions rendered in the Summit County Court of Common Pleas, Juvenile Division, denying his motion to vacate a judgment establishing his paternity and denying his motion to reconsider that denial.
On May 31, 1995, the state filed a complaint on behalf of Kimberly Mullins and her son Anthony (born August 12, 1985), to establish a parent-child relationship between Anthony and Murdock. On June 1, 1995, a Notice of Default Hearing was issued by the trial court.[1] Murdock neither answered the complaint nor attended a hearing conducted before a magistrate on September 29, 1995. The magistrate found: 1) that Murdock had been timely notified of the hearing by certified mail; 2) that a father-child relationship existed between Murdock and Anthony; and 3) that Murdock was liable for costs, child support, and certain medical expenses. The trial court modified the amount of child support owed and entered judgment for Mullins on November 21, 1995.
On June 19, 1997, Murdock moved to vacate the judgment establishing his paternity. In that motion, Murdock admitted that he had been served with notice of the default hearing conducted on September 29, 1995. On July 7, 1997, the trial court denied Murdock's motion. On July 29, 1997, Murdock moved for reconsideration of the July 7, 1995 order. The trial court denied the latter motion on July 31, 1997. Murdock appeals both denials, assigning two errors.
 I.
Murdock's first assignment of error states:
 THE PROBATE BENCH ERRED AS A MATTER OF LAW; ABUSED ITS DISCRETION AND DENIED APPELLANT HIS CONSTITUTIONAL, STATUTORY AND PROCEDURAL RIGHTS WHEN IT ISSUED A DEFAULT JUDGMENT WITHOUT FIRST CONDUCTING A PRETRIAL AS MANDATED BY STATUTE.
Murdock argues that R.C. 3111.11 requires that a trial court hold a pre-trial hearing where, as here, a defendant fails to answer a complaint brought pursuant to R.C. 3111.01 through3111.19. R.C. 3111.11 provides, in relevant part:
 If the person against whom an action is brought pursuant to sections 3111.01 to 3111.09 of the Revised Code does not admit in his answer the existence or nonexistence of the father and child relationship, the court shall hold a pretrial hearing, in accordance with the Civil Rules, at a time set by the court.
We note that Murdock's notice of the default hearing was properly served. "[A]ny party faced with default proceedings risks losing the case on the merits if that party fails to contest the motion for default judgment." Harvey v. Mynatt (1994),94 Ohio App.3d 619, 621. The trial court correctly rejected Murdock's argument on the authority of Long v. Bartlett (1992),73 Ohio App.3d 764, 769, in which the court concluded that the statutory words "in his answer" anticipate that an answer has been filed, not that a person is in default of answer and has failed to appear in the action. Under these circumstances, R.C. 3111.11
does not require a trial court to hold a pretrial hearing. Murdock's first assignment of error is overruled.
 II.
Murdock's second assignment of error states:
 THE JUVENILE BENCH ERRED AS A MATTER OF LAW; ABUSED ITS DISCRETION AND DENIED APPELLANT HIS CONSTITUTIONAL AND PROCEDURAL RIGHTS WHEN IT DISMISSED APPELLANT'S MOTION FOR RECONSIDERATION.
The trial court denied Murdock's motion to reconsider the court's order denying Murdock's post-trial motion to vacate the judgment entry establishing his paternity. The trial court correctly stated that a motion for reconsideration following a final judgment in the trial court is a nullity. Pitts v. OhioDept. of Transp. (1981), 67 Ohio St.2d 378, 380; State v. Brady
(Jan. 29, 1997), Summit App. No. 17750, unreported, at 3-4. Therefore, the trial court did not err in overruling Murdock's motion for reconsideration. Murdock's second assignment of error is overruled. the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution.
A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
DICKINSON, J.
MILLIGAN, J., CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)
[1] The record contains a return receipt signed by addressee "O. Murdock" and dated June 5, 1995.