This case comes for appeal from Court of Common Pleas of Auglaize County, Domestic Relations Division, Juvenile Branch. It arises from a paternity action filed by plaintiff-appellee Kristyanna Boyer, by and through her mother and next friend Katherine Boyer, against defendant-appellant Edward Hanly.
The instant action was filed on or about August 4, 1997, less than one month prior to plaintiff-appellee Kristyanna Boyer's eighteenth birthday. However, service of process was not perfected upon defendant-appellant Edward Hanly until June 25, 1998, nearly one year later. On or about July 16, 1998, appellant served upon opposing counsel a letter, entitled "Answer to the Complaint," which was subsequently filed with the Auglaize County Clerk on August 7, 1998. Appellant's "answer" alleged, interalia, that the plaintiff-appellees no longer lived in Ohio, that Kristyanna Boyer was not a minor, and that he had not been properly served with a summons. Appellant also denied being Kristyanna's father and stated that he was "an unemployed person who does not have resources for an attorney."
Also on August 7, 1998, plaintiff-appellees' attorney filed a motion for genetic testing pursuant to R.C. 3111.09(A)(1). The trial court held an ex parte proceeding, granted the motion and scheduled the testing for September 3, 1998 at 12:00 P.M. The court's order additionally allowed Katherine Boyer to "participate in the genetic testing * * * by submitting a blood sample in her home state of Louisiana," although this allowance was not requested in the plaintiff-appellees' motion.[1]
On August 25, 1998, the trial court received a second letter from appellant in which he objected to the genetic testing on "freedom of religion" grounds and complained that the court had ignored his request for counsel:
 I have yet to receive an answer to my initial correspondence to this court dated 7/16/98. In that letter I raised several issues, one being that I do not have the resources to obtain counsel on my own. Since that time, counsel for the plaintiff(s) have asked for motion(s) [sic] which you promptly agree to and so ordered. Without appointed counsel, so that I may defend, this court is in error, and has rendered itself, orders and proceedings, invalid.
As a result, the court set the matter for a hearing on appellant's religious objections and request for counsel on September 3, 1998 at 11:20 A.M., forty minutes before the genetic tests were to commence.
On August 31, 1998, the appellees filed a motion to excuse Katherine Boyer's appearance at the September 3 hearing, for the reason that "she currently resides in Belle Chase, Louisiana and her appearance at this hearing would be extremely difficult to arrange." A similar motion was made on behalf of Kristyanna Boyer on September 1, 1998. The trial court granted both motions in exparte proceedings on September 1. On September 2, 1998, the court received a third letter from appellant:
 This letter is to regretfully inform you that I do not have the way or the means to travel all the way to Auglaize County for hearing on Sept. 3, 1998 at 11:20 AM.
 I will contact your office by phone, although I do not have your number, to communicate with you about this case.
The hearing scheduled for September 3, 1998 at 11:20 A.M. was held and appellant failed to appear. However, appellant asserted in a fourth letter, received by the court on October 20, 1998, that he had attempted to participate in the hearing via telephone:
 I notified you in writing about being unable to attend the hearing scheduled on Thurs. 9/3/98 due to my lack of way and means [sic]. On Thurs. 9/3/98, I was able to reach your office and speak with "Darla" re: the possibility of being able to achieve the hearing via conference call on the date of the scheduled hearing. This would allow me, at the very least, to witness audibly, and respond verbally in my defense, to what is being done to me. I was denied by your clerk, and she threatened me with arrest.
On September 15, 1998, the court filed an entry journalizing the September 3 hearing. The entry did not address appellant's request for appointment of counsel or his alleged attempt to appear by telephone. However, the court did find that appellant had failed to appear for genetic testing, and set a trial date for October 20, 1998. A copy of the September 15 entry was forwarded to appellant.
As noted, the court received appellant's fourth letter on October 20, 1998, but only after a trial to the court had already been held.[2] In his fourth letter, appellant acknowledges receipt of the court's September 15 entry, but asserts that he is unable to be present at the October 20 trial.
 As of this writing, no one has contacted me re: appointed counsel. No records, documents, depositions, etc., or evidence of any kind to substantiate plaintiffs' claims has been presented to me.
* * * *
 Again, I have no way or means to attend the scheduled trial on Tues. Oct. 20, 1998. I have been denied phone access and I have not received any response to my written inquiries or requests for court appointed counsel.
In response to appellant's fourth letter, the court journalized an entry that same date and addressed Mr. Hanly's concerns.
The Court received additional correspondence from EdwardHanly dated October 19, 1998. This correspondence was receivedsubsequent to his trial being held on October 20, 1998. Mr. Hanlyhas requested legal counsel and wished to have the hearing be a"conference call." There were previous letters from Mr. Hanly makingvague references to legal counsel, but never a direct request fromhim concerning the appointment of counsel. Nonetheless, the Courtfinds that Mr. Hanly is not entitled to the appointment of legalcounsel as this is a civil action which has been filed privately andhas not been filed through the Auglaize County Child SupportEnforcement Agency. Mr. Hanly was given the opportunity for genetictesting,
 given the opportunity to appear in court both on the 3rd of September and the 20th of October and he has chosen not to participate. The Court had set this matter for hearing on his proposed indigency and the issues of refusal to submit to genetic testing and the Defendant failed to appear for those hearings. The matter was set for trial on October 20th and a trial was held. Judgment on that trial will be forthcoming by separate Entry.
 It is therefore ORDERED that the Defendant's Motion for the appointment of counsel and request to respond via "conference call" is DENIED.
Although the foregoing entry implies that the court had reserved judgment on the issues presented at the trial, it had in fact announced an oral decision from the bench earlier that date:
 Based upon the testimony presented the Court will find that it does have jurisdiction over this matter. Will ORDER that the Defendant, Edward Hanly, be named the natural and biological father of the child, Kristyanna Boyer. Court will ORDER that the child's birth certificate be amended to reflect that Mr. Hanly is the father of the child. Court will ORDER the Child Support Enforcement Agency to reimburse Katherine Boyer for the one hundred fifty dollars that was posted for genetic testing which was willfully ignored by the Defendant.
 The evidence with regard to the Defendant's employment status throughout the life of the child is insufficient to establish a support order. The Court does however note that a minimum order would be fifty dollars ($50.00) a month from the date of birth of the child to emancipation, which would amount to ten thousand eight hundred dollars ($10,800.00). The court will accordingly AWARD judgment to Kristyanna E.Boyer in the sum of ten thousand eight hundred dollars ($10,800.00) as a lump sum against Edward Hanly for her support throughout her lifetime. Costs of the action will be assessed to the Plaintiff.
Anything else, Mr. King?
MR. KING: No sir. Thank you.
THE COURT: Mr. Brunner, anything?
MR. BRUNNER: No, Your Honor. Thank You.
The trial court journalized a judgment entry on October 30, 1998 that encapsulated its order from the bench. Defendant-appellant Edward Hanly now appeals that judgment and asserts six errors with the trial court's judgment.
 THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND DENIED DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO DUE PROCESS BY ENTERING AN EX PARTE JUDGMENT ENTRY ON AUGUST 7, 1998 GRANTING PLAINTIFF-APPELLEE'S MOTION FOR GENETIC TESTING.
Appellant first argues that the trial court abused its discretion by entering an ex parte judgment ordering genetic testing, and contends that procedural due process forbids the court's ex parte judgment in this case. Generally, procedural due process requires at a minimum that the parties receive "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Akron-CantonRegional Airport Auth. v. Swinehart (1980), 62 Ohio St.2d 403,406, quoting Mullane v. Central Hanover Bank Trust Co. (1950),339 U.S. 306, 314.
Ohio's genetic testing statute reads, in relevant part:
 In any action instituted under sections 3111.01 to 3111.19 of the Revised Code, the court, upon its own motion, may order and, upon the motion of any party to the action, shall order the child's mother, the child, the alleged father, and any other person who is a defendant in the action to submit to genetic tests.
R.C. 3111.09(A)(1) (emphasis added). The statute clearly authorizes the court to order genetic testing, and mandates such testing upon the motion of a party. Because appellee had made a written motion for genetic testing, the trial court's discretion was limited. Pursuant to the statute, the court had no choice but to order genetic testing.
Moreover, even assuming the court's ex parte order was an abuse of discretion and failed to satisfy the requirements of due process, any defect was cured by the court's subsequent order of August 25.
 The Court is receipt of a letter from Edward Hanly dated August 21, 1998. In his letter, the defendant requests appointment of counsel, indicates that genetic testing conflicts with his religion and indicates other information.
 The Court ORDERS that a copy of this letter be served upon Attorney Andrew B. King for purposes of response.
 It is further ORDERED that this matter be set for hearing on SEPTEMBER 3, 1998 AT 11:20 A.M. at which time counsel and parties shall be present.
A copy of this entry was forwarded to the appellant, and his letter of response to the court indicates that the notice was received. As such, appellant was provided constitutionally adequate notice of his opportunity to formally present objections to the genetic testing order. Finally, a review of the record reveals that no genetic testing was ever performed, nor was any such test utilized against the defendant in this case. Appellant's first assignment of error is accordingly overruled.
 THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND DENIED DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO DUE PROCESS BY ENTERING AN EX PARTE JUDGMENT ENTRY ON SEPTEMBER 1, 1998 EXCUSING PLAINTIFF-APPELLEE KATHERINE BOYER'S ATTENDANCE AT THE SEPTEMBER 3, 1998 HEARING BEFORE THE TRIAL COURT.
Appellant's second assigned error argues that the trial court improperly issued a second ex parte judgment excusing appellee Katherine Boyer's attendance at the hearing scheduled for September 3, 1998.
In the August 7 entry granting the motion for genetic testing, the trial court also stated that "Katherine Boyer * * * shall be permitted to participate in the genetic testing * * * by submitting a blood sample in her home state of Louisiana." However, the court's subsequent order dated August 25 indicated that all of the parties, including Katherine Boyer, were required to be present at the September 3 hearing. In response, Katherine Boyer's attorney filed a motion to have his client's presence excused.[3] The trial court granted this motion ex parte on September 1, 1998. Appellant now argues that the court's decision to grant the motion ex parte resulted in a denial of his due process rights.
We disagree. While the court's decision to grant the motionex parte may not have been the most correct procedure, it was within the court's discretion. The court's ruling on the motion did not affect any of the appellant's substantive rights.
Moreover, we believe that appellant's own failure to appear at the September 3, 1998 hearing has resulted in a waiver of this issue. Cf. Long v. Bartlett (1992), 73 Ohio App.3d 764, 769; Huffer v.Cicero (1995), 107 Ohio App.3d 65, 72. Finally, it appears that the only action the court took at the hearing was to schedule the case for a trial date. It therefore does not appear that appellant's rights were affected in any constitutionally significant way by the court's ex parte ruling or its decision to proceed on September 3 without Katherine Boyer. Accordingly, appellant's second assignment of error is also overruled.
 THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND DENIED DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS OF LAW BY FAILING TO RULE ON DEFENDANT'S REQUEST TO BE PRESENT BY TELEPHONE FOR THE SEPTEMBER 3, 1998 HEARING AND BY SUBSEQUENTLY ENTERING A JUDGMENT ENTRY RELATIVE TO SUCH HEARING ON SEPTEMBER 15, 1998 WHICH DID NOT ADDRESS NECESSARY MATTERS BEFORE THE COURT AND WHICH MADE FINDINGS REGARDING MATTERS WHICH COULD NOT HAVE BEEN WITHIN THE PROVINCE OF THE COURT.
Appellant's third assignment of error asserts that the court's September 15, 1998 judgment entry improperly found that "Defendant has failed to submit to genetic testing," and also failed to rule on appellant's requests for counsel and "his request to be present by telephone" for the hearing.
As to appellant's "request to be present by telephone," appellant alleges that his third letter served as such a request:
Your Honor,
 This letter is to regretfully inform you that I do not have the way or the means to travel all the way to Auglaize County for [the] hearing on Sept. 3, 1998 at 11:20 AM.
 I will contact your office by phone, although I do not have your number, to communicate with you about this case.
Appellant's letter does not request a telephonic appearance. The letter merely announces that defendant would not attend the hearing and his intention to call the court at some point in the future. Although appellant's fourth letter to the court alleges that he made the request to appear by phone to a "clerk," that request is not equivalent to a motion to the court. Cf. Harvey v.Mynatt (1994), 94 Ohio App.3d 619, 621. It cannot be argued that the trial court's "failure to rule" on a motion never made constitutes any sort of error.
Similarly, it was appellant's own failure to attend the September 3 hearing that resulted in the court's decision not to address his request for counsel. The court's August 25 entry scheduling the hearing indicates that "the defendant requests appointment of counsel" and that "this matter [will] be set for hearing" on September 3. We do not believe it is error for a trial court not to address a defendant's request for counsel where the defendant has failed to appear at a hearing on the issue. However, even assuming that the court's decision constitutes some kind of error, it is not reversible error. The law is well settled that a party cannot establish reversible error when that party's own actions invited that error. See, e.g., State ex rel.The V Cos. v. Marshall (1998), 81 Ohio St.3d 467, 471.
Finally, defendant argues that the trial court's September 3 entry evidences error on the part of the trial court because it includes findings of facts which were not in existence at the time of hearing. Specifically, defendant argues that the trial court could not have found that the "[d]efendant has failed to submit to genetic testing and that this matter will be scheduled for trial," since the testing was not scheduled to occur until after the hearing.
Once again, we fail to see what prejudice the defendant has suffered because of the trial court's alleged error. Defendant has not argued that he did in fact appear for genetic testing, or for the hearing. Moreover, it is clear the only action that the trial court took based on the finding was to schedule the matter for trial. The court therefore presented the defendant notice of another meaningful opportunity to address any concerns he might have had with the trial court's entry. For the foregoing reasons, defendant's third assignment of error is also overruled.
 THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND DENIED DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS OF LAW BY FAILING TO TIMELY RULE ON HIS REQUEST FOR APPOINTMENT OF COUNSEL AND HIS REQUEST FOR A CONTINUANCE OF THE OCTOBER 20, 1998 HEARING AND BY INSTEAD ENTERING A JOURNAL ENTRY, DENYING APPOINTMENT OF COUNSEL ON OCTOBER 20, 1998 AFTER THE ANNOUNCEMENT OF IT'S [SIC] FINAL JUDGMENT WHICH ENTRY MADE FINDINGS INCONSISTENT WITH THE RECORD HEREIN.
 THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW, AND DENIED DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS OF LAW BY FAILING TO ADDRESS ALL PENDING MATTERS INCLUDING DEFENDANT-APPELLANT'S REQUEST FOR AN APPOINTMENT OF COUNSEL AND HIS REQUEST FOR CONTINUANCE IN ITS FINAL JUDGMENT AS ISSUED FROM THE BENCH ON OCTOBER 20, 1998.
Appellant's fourth and fifth assigned errors both argue that the trial court improperly overruled his request for appointed counsel and denied his request for continuance of the October 20, 1998 trial. Appellant's fourth assignment argues that error occurred in the trial court's October 20, 1998 journal entry, and his fifth assigned error indicates that it occurred when judgment was announced from the bench on October 20, 1998.
In addressing appellant's fifth assigned error, we need only observe that "[a] mere oral pronouncement of the court is not a judgment." E.g. State v. Jackson (1997), 123 Ohio App.3d 22, 25. Trial courts speak through journal entries, not by oral pronouncement. Wilkin v. Wilkin, (1996), 116 Ohio App.3d 315,318. Accordingly, any error in the trial court's oral judgment will be disregarded if it is not contained in the court's journal entry. See id.; see also Snouffer v. Snouffer (1993), 87 Ohio App.3d 89,91; Howard v. Wills (1991), 77 Ohio App.3d 133, 140 at fn. 5. Here, the trial court's judgment was announced in a judgment entry dated October 30, 1998, and appellant has not alleged any defect with that judgment entry. Accordingly, we will review only appellant's claim that the court improperly denied his requests for continuance and appointment of counsel in its October 20, 1998 journal entry.
As to the merits of those arguments, we have searched the record and have been unable to locate any request for continuance. As noted, the court received a fourth letter from the appellant on October 20, after the trial had already taken place. Appellant apparently would have us interpret this fourth letter as a request for continuance. However, even if we are to assume that this letter constituted a request for a continuance, it was not error for the trial court to deny the request because it was not timely made. As the trial court observed in a judgment entry filed the same date as the letter, "[t]his correspondence was received subsequent to his trial being held on October 20, 1998. * * * * Mr. Hanly was given the opportunity for genetic testing, given the opportunity to appear in court both on the 3rd of September and the 20th of October and he has chosen not to participate." This determination was an not abuse of discretion, cf. Long v. Bartlett
(1992), 73 Ohio App.3d 764, nor can we say that it resulted in a denial of due process.
Appellant also argues that the court's denial of appointed counsel in the October 20 entry was improper. However, as we have observed in our discussion of appellant's third assigned error, we do not believe it is erroneous for a trial court to disregard a defendant's request for counsel when the defendant has failed to appear at a hearing on that issue. Moreover, even if we are to assume error, the court's action was clearly invited by appellant's failure to appear. Appellant's fourth and fifth assignments of error are overruled.
 VI. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY ENTERTAINING PLAINTIFF-APPELLEE'S PETITION TO ESTABLISH PATERNITY WHEN THE RECORD HEREIN FAILS TO DEMONSTRATE AND SUCH PETITION FAILS TO EVEN ALLEGE COMPLIANCE WITH O.R.C. § 3111.22.
Appellant's final assigned error argues that the record does not establish that appellee's complied with R.C. 3111.22(A)(1) prior to filing their complaint.
 Except as otherwise provided in division (A)(2) of this section, no person may bring an action under sections 3111.01 to 3111.19 of the Revised Code before requesting an administrative determination of the existence or nonexistence of a parent and child relationship from the child support enforcement agency of the county in which the child or the guardian or legal custodian of the child resides.
Appellant's brief correctly observes that there is no evidence in the record that the parties attempted an administrative resolution of this action. In response, appellees have attached what purports to be proof of administrative action as an exhibit to their brief. However, we find it unnecessary to determine whether this evidence is sufficient to establish compliance with R.C. 3111.22(A)(1), because we are persuaded that appellant was required to allege failure to comply with R.C.3111.22(A)(1) as an affirmative defense.
 An affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it. * * * * "An affirmative defense is any defensive matter in the nature of a confession and avoidance. It admits that the plaintiff has a claim (the `confession') but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the `avoidance')."
State ex rel. The Plain Dealer Pub. Co. v. Cleveland, (1996)75 Ohio St.3d 31, 33, quoting 1 Klein, Brown Murtaugh, Baldwin's Ohio Civil Practice (1988) 33, T 13.03 (citations omitted). We believe that failure to comply with R.C. 3111.22 fits within this broad definition, specifically within the subcategory of failure to exhaust administrative remedies. See Rocky Fork Hunt CountryClub v. Testa (1997), 120 Ohio App.3d 442, 448; cf. State ex rel.Dixon v. Clark Cty. Ct. Com. Pls., Juv. Div. (1995), 103 Ohio App.3d 523,529. As such, appellant's failure to timely raise the issue at trial caused it to be waived. See Rocky Fork,120 Ohio App. 3d at 448.
For the foregoing reasons, appellant's six assigned errors are overruled and the judgment of the Auglaize County Common Pleas Court, Juvenile Division is affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] In her complaint, Katherine Boyer had alleged that she was a resident of the State of Ohio. Edward Hanly's answer alleged that "[the plaintiffs] have fled across state lines and are living in Louisiana," and requested "judgment against the Boyers" for that reason.
[2] Although the transcript of the trial record indicates that the proceedings took place either on October 19, 1998 or "September, 1998," it is uncontested between the parties that the hearing actually took place on October 20.
[3] The record reveals that a similar motion was made for Kristyanna Boyer on September 1, 1998 and granted by the court exparte on that same date. Appellant has not addressed this motion in his appeal.